**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EILEEN SWANSON, | |
| Plaintiff, | No. C 11-00971 JSW |
| v. | **ORDER GRANTING MOTION TO REMAND** |
| GMR MARKETING LLC, | |
| Defendants. | |

**INTRODUCTION**

Now before the Court for consideration is the Motion to Remand filed by Plaintiff, Eileen Swanson ("Swanson"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for May 6, 2011 is VACATED, and the Court HEREBY GRANTS Swanson's motion but DENIES her request for attorneys' fees.

**BACKGROUND**

On January 31, 2011, Swanson filed a Complaint in the Superior Court of the State of California in and for the County of Contra Costa ("Contra Costa Superior Court").[1] According to Swanson, Defendant GMR Marketing LLC ("GMR") hired her on May 26, 2010, as a Nutritional Technical Representative for Defendant Nestlé USA, Inc.'s ("NUSA") sports

---

[1] In her Complaint, Swanson asserts numerous state law claims based on alleged violations of California's Fair Housing and Employment Act and alleged violations of California's wage and hour laws. (Notice of Removal, Ex. A (Complaint).)

nutrition product line Power Bar.  (Notice of Removal, Ex. A (Compl. ¶ 13).)  Swanson also alleges that NUSA was her *de facto* employer.  (*Id.* ¶¶ 14-15.)

It is undisputed that Swanson is a resident of California.  Swanson alleges that GMR is a Wisconsin corporation, which has an operational center located in San Francisco, California and executive headquarters in New Berlin, Wisconsin.  (Compl. ¶ 4.)  Swanson also alleges that NUSA is a California corporation, which has its principal place of business and national headquarters in Glendale, California.  (*Id.* ¶ 5.)  Thus, for purposes of diversity jurisdiction, NUSA is a citizen of California.

On March 2, 2011, Gerber Products Company d/b/a Power Bar, Inc. ("Gerber"), filed an Answer in Contra Costa Superior Court.  (Notice of Removal, Ex. B.)  Gerber asserted it was erroneously sued as NUSA, and, pursuant to "standard practice," Contra Costa Superior Court omitted NUSA as a defendant.  Gerber removed the action to this Court on March 2, 2011.  (Notice of Removal, Ex. D; *see also* Docket No. 22-1 (Declaration of Yosef Peretz, Ex. D).)  It is undisputed that Gerber is a Michigan corporation, with a principal place of business in New Jeresy.  (*See* Declaration of Kevin Goldberg in Support of Removal ("Goldberg Rem. Decl."), ¶ 5.)

The Court shall address additional facts as necessary in the remainder of this Order.

## ANALYSIS

**A.     Legal Standards Applicable to Removal Jurisdiction.**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Board of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 7-8 (1983) (citation omitted).  *See also* 28 U.S.C. § 1441.  However, federal courts are courts of limited jurisdiction.  Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction.  *Prize Frize Inc. v. Matrix Inc,* 167 F.3d 1261,

1265 (9th Cir. 1999); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004), *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

A defendant may remove an action on the basis of diversity jurisdiction, only if no defendant is a citizen of the same state as any plaintiff and "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b); *see also* 28 U.S.C. 1332(a)(1). "[O]ne exception to the requirement of complete diversity [arises when a] non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder is fraudulent if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (internal quotations, brackets and citations omitted). When joinder is fraudulent, a district court can ignore the presence of the sham defendant to determine whether there is complete diversity among the parties. *Morris,* 236 F.3d at 1067.

**B.      Evidentiary Objections.**

Swanson has filed objections to the evidence Gerber submits in support of its opposition to the motion to remand. The Court SUSTAINS Swanson's objections to: (1) paragraphs 1 and 2 of the Declaration of Gina Hassler in Support of Gerber's Opposition to Plaintiff's Motion to Remand ("Hassler Declaration"); and (2) paragraph 2 of the Declaration of Kevin Goldberg in Support of Gerber's Opposition to Plaintiff's Motion to Remand ("Goldberg Opp. Decl."). The Court OVERRULES Swanson's objections to: (1) paragraph 4 and Exhibits A and B to the Declaration of Jonathan Jackman in Support of Gerber's Opposition to Plaintiff's Motion to Remand ("Jackman Decl."); and (2) paragraph 4 of the Goldberg Opp. Declaration.

**C.      The Court Grants Swanson's Motion**.

As the party seeking to establish jurisdiction, Gerber has the burden to show that the parties are completely diverse.[2] Gerber also bears the heavy burden of showing by "clear and

---

[2] GMR filed an opposition in which it joins Gerber's opposition "insofar as it asserts that Gerber is the real party in interest for determining diversity jurisdiction," and "joins in Gerber's assertion that complete diversity exists." (Docket No. 21 (GMR Opp. at 2:5-8).)

3

convincing evidence" that NUSA was fraudulently joined. *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007); *see also Kolker v. VNUS Medical Technologies, Inc.*, 2010 WL 3059220, at *3 (N.D. Cal. Aug. 2, 2010); *Leung v. Sumitomo Corp. of America*, 2010 WL 816642, at *6 (N.D. Cal. Mar. 9, 2010).

Gerber's argument that Swanson "obviously" fails to state a claim against NUSA, and that Gerber has been sued "erroneously as" NUSA, is based solely on its assertion that, on July 1, 2010, Nestlé Holdings, Inc. ("NHI")[3] transferred all of NUSA's rights, title, and interest in all assets and liabilities owned and used in connection with the manufacture and sale of performance nutrition products (the "Power Nutrition Business"), including Power Bar, to Gerber. (Declaration of Kevin Goldberg in Support of Removal ("Goldberg Rem. Decl."), ¶ 4; *see also* Jackman Decl., Exs. A-B).) Gerber argues that, by virtue of this transfer, it is the successor-in-interest to any claims Swanson may have against NUSA and the only proper defendant in this case.

To support its argument, Gerber relies heavily on *Kolker, supra*. In the *Kolker case*, the diverse defendant, Covidien, claimed that the parties were completely diverse, because, before the plaintiff filed suit, the non-diverse defendant, VNUS, had merged with Covidien and no longer existed as a viable legal entity. *Id.*, at *1-2. The court denied the plaintiff's motion to remand on that basis. *Id.*, at *3; *see also id.,* at *4 ("[T]he Court is satisfied that as of the date Plaintiff filed his complaint in state court, VNUS no longer existed in any form that would give rise to legal liability."). Unlike the defendant in *Kolker*, however, it is undisputed that NUSA remains a viable corporate entity that is capable of being sued. Moreover, although Gerber submits a Board resolution regarding the transfer of the Performance Nutrition Business from NUSA to NHI and a Board resolution regarding NHI's intent to transfer that business to Gerber, Gerber has not submitted any of the documents underlying that transfer. Further, the exhibits to those resolutions do not clearly indicate that Gerber assumed liabilities for claims asserted

---

[3] According to Gerber, NHI is a holding company and Gerber and NUSA are two of NHI's wholly owned subsidiaries. (*See* Goldberg Rem. Decl., ¶ 4.)

4

against NUSA based on conduct that occurred prior to the transfer. (*See* Jackman Decl., Exs. A, B.)

Swanson also notes that she was hired in May 2010, before the effective date of the transfer. Thus, according to Swanson, she has viable claims against NUSA for conduct that occurred between May 26, 2010 and July 1, 2010. In response, Gerber disputes that NUSA employed Swanson. However, the Court has sustained Swanson's objections to the portions of the Hassler Declaration on which Gerber relies to establish this fact. Gerber also attests that it actually began to manage the Performance Nutrition Business, including PowerBar, in late 2009 *before* Swanson was hired and further asserts that Swanson's supervisor was a Gerber employee as of January 1, 2010. (*See* Goldberg Opp. Decl., ¶¶ 3-4.) Swanson, however, submits her job description, which refers to "Nestle," rather than Gerber. Because disputed questions of fact should be resolved in Swanson's favor, the Court cannot conclude on this record that Swanson "obviously" fails to state a claim against NUSA. Thus, although it appears that Swanson also could pursue claims against Gerber - under a theory of successor liability - the Court finds that Gerber has failed to meet its burden to show that Swanson does not have a colorable claim against NUSA.

**D.    Swanson's Request for Attorney's Fees is Denied.**

Swanson also requests an award of attorneys' fees and costs incurred as a result of Defendant's allegedly improper removal. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). To determine whether to award costs and fees under Section 1447(c), the Court has a "great deal of discretion." *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (9th Cir. 1993). Although Gerber has not met its burden to demonstrate that removal was proper, the Court does not find that removal was frivolous or motivated by bad faith. The Court therefore declines to exercise its discretion to award Swanson fees and costs under Section 1447(c).

//

//

5

**CONCLUSION**

For the foregoing reasons, Swanson's motion to remand is GRANTED. The Clerk shall remand this case to Contra Costa Superior Court and close the file.

**IT IS SO ORDERED.**

Dated: April 29, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE